Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------X

ELIANA CISNEROS, *individually and on behalf of others similarly situated,*

*Plaintiff,*

-against-

PRO CLEAN MAINTENANCE SYSTEMS INC. (d/b/a PRO CLEAN MAINTENANCE SYSTEMS INC.), WILLINGTON DE LEON, and ROY DE LEON,

*Defendants.*

------------------------------------------------------X

**COMPLAINT**

**RULE 23 CLASS ACTION and COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

Plaintiff Eliana Cisneros (“Plaintiff Cisneros ” or “Ms. Cisneros ”), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., alleges upon information and belief, and as against each of defendants Pro Clean Maintenance Systems Inc. (d/b/a Pro Clean Maintenance Systems Inc. ) (“Defendant Corporation”), Willington De Leon, and Roy De Leon (“Individual Defendants”), (collectively, “Defendants”), as follows:

## NATURE OF ACTION

1. Plaintiff Cisneros is a former employee of Defendants Pro Clean Maintenance Systems Inc. (d/b/a Pro Clean Maintenance Systems Inc.), Willington De Leon, and Roy De Leon.

2. Pro Clean Maintenance Systems Inc. is a janitorial service owned by Willington and Roy De Leon, offering its services at The AirTrain operated by Alstom in John F. Kennedy international Airport, located at Van wick Expressway, Jamaica NY 11430.

3. Upon information and belief, Defendants Willington De Leon and Roy De Leon serve or served as owners, managers, principals, or agents of Defendant Corporation and through this corporate entity operate the janitorial service.

4. Plaintiff Cisneros is a former employee of Defendants.

5. Plaintiff Cisneros was employed as a janitor/cleaning person.

6. At all times relevant to this Complaint, Plaintiff Cisneros worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that she worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of her hours worked, failed to pay Plaintiff Cisneros the applicable minimum wage, and failed to pay her appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8. Defendants' conduct extended beyond Plaintiff Cisneros to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cisneros and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Cisneros now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146, including applicable liquidated damages, interest, attorneys' fees, and costs.

11. Plaintiff Cisneros seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

12. Plaintiff Cisneros now brings this action as a class action under Rule 23 of the Federal Rules of Civil Procedure and seeks certification of this action as a collective action on behalf of herself individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Cisneros's state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Cisneros was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

15. Plaintiff Cisneros is an adult individual residing in Queens County, New York.

16. Plaintiff Cisneros was employed by Defendants from approximately April 2020 until on or about July 3, 2024.

17. Plaintiff Cisneros consents to being a party plaintiff, pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all times relevant to this complaint, Defendants own, operate, and/or control a Janitorial service which maintains its primary place of business at John F. Kennedy international airport, Van wick Expressway, Jamaica, NY 11430 under the name "Pro Clean Maintenance Systems Inc."

19. Upon information and belief, Pro Clean Maintenance Systems Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it performs its services at John F. Kennedy international airport, Van wick Expressway, Jamaica, NY 11430, and maintains its central office at 1177 Avenue of the Americas, Fifth floor, New York, NY 10036.

20. Defendant Willington De Leon is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Willington De Leon is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Willington De Leon possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Willington De Leon determined the wages and

compensation of the employees of Defendants, including Plaintiff Cisneros, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

21. Defendant Roy De Leon is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Roy De Leon is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Roy De Leon possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Roy De Leon determined the wages and compensation of the employees of Defendants, including Plaintiff Cisneros, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate a janitorial service that performs services at John F. Kennedy international airport, Van wick Expressway, Jamaica, NY 11430.

23. Individual Defendants Willington De Leon and Roy De Leon possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Cisneros's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Cisneros, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Cisneros, and all similarly situated individuals, and are Plaintiff Cisneros's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Cisneros and/or similarly situated individuals.

28. Upon information and belief, individual defendants Willington De Leon and Roy De Leon operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as a legal entity separate and apart from themselves by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b) defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for their own benefit as the sole or majority shareholders;

(e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of their own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

30. Defendants had the power to hire and fire Plaintiff Cisneros, controlled the terms and conditions of her employment, and determined the rate and method of any compensation in exchange for Plaintiff Cisneros's services.

31. In each year from 2020 to 2024, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used by the Janitorial service on a daily basis, such as brooms, mops and cleaning fluids, were produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Cisneros is a former employee of Defendants, employed in performing the duties of a janitor/cleaning person.

34. Plaintiff Cisneros seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Eliana Cisneros*

35. Plaintiff Cisneros was employed by Defendants from approximately April 2020 until on or about July 3, 2024.

36. At all relevant times, Plaintiff Cisneros was employed by Defendants as a janitor/cleaning person

37. Plaintiff Cisneros regularly handled goods in interstate commerce, such as cleaning tools and fluids produced outside of the State of New York.

38. Plaintiff Cisneros's work duties required neither discretion nor independent judgment.

39. Throughout her employment with Defendants, Plaintiff Cisneros regularly worked in excess of 40 hours per week.

40. From approximately May 2020 until on or about August 2020, Plaintiff Cisneros worked from approximately 5:30 a.m. until on or about 1:30 p.m. Tuesdays through Saturdays (typically 40 hours per week).

41. From approximately September 2020 until on or about July 3, 2024, Plaintiff Cisneros worked from approximately 6:00 a.m. until on or about 2:00 p.m. Mondays through Saturdays (typically 48 hours per week).

42. From approximately September 2020 until on or about July 2024, Defendants paid Plaintiff Cisneros her wages in a combination of check and cash.

43. From approximately September 2020 until on or about December 2023, defendants paid Plaintiff Cisneros $16.25 for all hours worked.

44. From approximately December 2023 until on or about July 2024, Defendants paid Plaintiff Cisneros $17.50 for all hours worked.

45. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Cisneros regarding overtime and wages under the FLSA and NYLL.

46. Defendants did not provide Plaintiff Cisneros with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

47. Defendants never provided Plaintiff Cisneros with a written notice, in English and in Spanish (Plaintiff Cisneros's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

48. As a result of Defendants' failure to provide Plaintiff Cisneros with a Notice of Pay Rate or accurate Wage Statements with each payment of wages, she was prevented from: (i) comparing her rate of pay to her hours worked; (ii) realizing that she was underpaid; and (iii) advocating for herself and/or taking appropriate action to obtain the payments due to her.

49. Defendants required Plaintiff Cisneros to purchase "tools of the trade" with her own funds—including four black pants per year for three years, four pairs of khaki pants for one year, and one pair of waterproof shoes per year.

*Defendants' General Employment Practices*

50. Defendants regularly required Plaintiff Cisneros to work in excess of forty (40) hours per week without paying her the proper minimum wage and overtime compensation.

51. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cisneros (and all similarly situated employees) to work in excess of forty (40) hours per week without paying her appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

52. Plaintiff Cisneros was a victim of Defendants' common policy and practices violating her rights under the FLSA and New York Labor Law by *inter alia*, not paying her the wages she was owed for the hours she had worked.

53. Plaintiff Cisneros was paid her wages in a combination of check and cash.

54. By employing these practices, Defendants avoided paying Plaintiff Cisneros the minimum wage for her regular hours and overtime compensation of time and a half for all of her hours worked in excess of forty (40) hours per week.

55. Defendants failed to post required wage and hour posters in the janitorial service, and did not provide Plaintiff Cisneros with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Cisneros's relative lack of sophistication in wage and hour laws.

56. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Cisneros (and similarly situated individuals) worked, and to avoid paying Plaintiff Cisneros properly for (1) her full hours worked and (2) for overtime due.

57. Defendants failed to provide Plaintiff Cisneros and other employees with accurate wage statements at the time of payment of wages, containing: the dates of work covered

by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

58. Defendants failed to provide Plaintiff Cisneros and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language of Spanish, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

59. As a result of Defendants' failure to provide Plaintiff Cisneros and other employees a Notice of Pay Rate or accurate wage statements with each payment of their wages, Plaintiff Cisneros and other employees were prevented from: (i) comparing their rate of pay to their hours worked; (ii) realizing that they were underpaid; and (iii) advocating for themselves and/or taking appropriate action to obtain the payments due to them.

**FLSA COLLECTIVE ACTION CLAIMS**

60. Plaintiff Cisneros brings her FLSA minimum wage, overtime pay and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in her case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

61. At all relevant times, Plaintiff Cisneros and other members of the FLSA and Rule 23 Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times her regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

62. The claims of Plaintiff Cisneros stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

63. Plaintiff Cisneros sues on her own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

64. Plaintiff Cisneros brings her New York Labor Law minimum wage, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period"). All said persons, including Plaintiff Cisneros, are referred to herein as the "Class."

65. The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

66. There are questions of law and fact common to the Class including:

a. what proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

b. what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

c. what were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

d. whether Defendants failed and/or refused to pay Plaintiff the minimum wage at the premium rate within the meaning of the New York Labor Law;

e. whether Defendants improperly deducted "shorts" from the Plaintiff's wages; and

f. at what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work;

67. The claims of the representative parties are typical of the claims of the class. Plaintiff and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of wages and failure to keep required records. The job duties of the named Plaintiff were and are typical of those of class members.

68. The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The named Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

69. The common questions of law and fact predominate over questions affecting only individual members.

70. A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

71. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

72. Plaintiff Cisneros repeats and realleges all paragraphs above as though fully set forth herein.

73. At all times relevant to this action, Defendants were Plaintiff Cisneros's employers (and employers of the putative FLSA and Rule 23 Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Cisneros (and the FLSA and Rule 23 class members), controlled the terms and

conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

74. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

75. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

76. Defendants failed to pay Plaintiff Cisneros (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

77. Defendants' failure to pay Plaintiff Cisneros (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

78. Plaintiff Cisneros (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE FLSA OVERTIME PROVISIONS**

79. Plaintiff Cisneros repeats and realleges all paragraphs above as though fully set forth herein.

80. At all times relevant to this action, Defendants were Plaintiff Cisneros's employers (and employers of the putative FLSA and Rule 23 Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Cisneros (and the FLSA and Rule 23 class members), controlled the terms and

conditions of employment, and determined the rate and method of any compensation in exchange for her employment.

81. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

82. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

83. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Cisneros (and the FLSA and Rule 23 Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

84. Defendants' failure to pay Plaintiff Cisneros (and the FLSA and Rule 23 Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

85. Plaintiff Cisneros (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

**<u>THIRD CAUSE OF ACTION</u>**
**VIOLATION OF THE NEW YORK MINIMUM WAGE RATE**

86. Plaintiff Cisneros repeats and realleges all paragraphs above as though fully set forth herein.

87. At all times relevant to this action, Defendants were Plaintiff Cisneros's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Cisneros (and the FLSA and Rule 23 Class members), controlled terms and

conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

88. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Cisneros (and the FLSA and Rule 23 Class members) less than the minimum wage.

89. Defendants' failure to pay Plaintiff Cisneros (and the FLSA and Rule 23 Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

90. Plaintiff Cisneros (and the FLSA and Rule 23 Class Members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK STATE**
**LABOR LAW'S OVERTIME PROVISIONS**

91. Plaintiff Cisneros repeats and realleges all paragraphs above as though fully set forth herein.

92. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Cisneros (and the FLSA and Rule 23 Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

93. Defendants' failure to pay Plaintiff Cisneros (and the FLSA and Rule 23 Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

94. Plaintiff Cisneros (and the FLSA and Rule 23 Class Members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW**

95. Plaintiff Cisneros repeats and realleges all paragraphs above as though fully set forth herein.

96. Defendants failed to provide Plaintiff Cisneros with a written notice, in English and in Spanish (Plaintiff Cisneros's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).

97. As a result of Defendants' failure to furnish an accurate wage notice to Plaintiff Cisneros, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

98. Defendants are liable to Plaintiff Cisneros in the amount of $5,000, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW**

99. Plaintiff Cisneros repeats and realleges all paragraphs above as though set forth fully herein.

100. Defendants did not provide Plaintiff Cisneros with a statement of wages with each payment of wages, as required by NYLL 195(3).

101. As a result of Defendants' failure to furnish accurate statements to Plaintiff Cisneros, Defendants violated the NYLL and/or applicable regulations thereunder, including, inter alia, NYLL § 195.

102. Defendants are liable to Plaintiff Cisneros in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Cisneros respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cisneros and the FLSA and Rule 23 class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Cisneros and the FLSA and Rule 23 class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Cisneros's, and the FLSA and Rule 23 class members', compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Cisneros and the FLSA and Rule 23 class members;

(f) Awarding Plaintiff Cisneros and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g) Awarding Plaintiff Cisneros and the FLSA class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cisneros and the members of the FLSA and Rule 23 Class;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Cisneros and the members of the FLSA and Rule 23 Class;

(j) Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiff Cisneros', and the FLSA and Rule 23 Class members', compensation, hours, wages; and any deductions or credits taken against wages;

(k) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Cisneros and the FLSA and Rule 23 Class members;

(l) Awarding Plaintiff Cisneros and the FLSA and Rule 23 class members damages for the amount of unpaid minimum and overtime wages;

(m) Awarding Plaintiff Cisneros damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiff Cisneros and the FLSA and Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o) Awarding Plaintiff Cisneros and the FLSA and Rule 23 class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff Cisneros and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorneys' fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Cisneros demands a trial by jury on all issues triable by a jury.

Dated: New York, NY
July 31, 2025

MICHAEL FAILLACE & ASSOCIATES, P.C.

___/s/ Michael Faillace___________________
By: Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Jul 16, 2025

BY HAND

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre: Eliana Cisneros

Legal Representative / Abogado: Michael Faillace & Associates P.C.

Signature / Firma: ______________________

Date / Fecha: July 16, 2025